UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELROY DEANS,

                                    Plaintiff,

            -against-

BANK OF AMERICA, DEUTSCHE BANK
NATIONAL TRUST COMPANY, JOHN DOE,
JANE DOE,

                                    Defendants.

---

10 Civ. 9582 (RJH)

**MEMORANDUM OPINION
AND ORDER**

Richard J. Holwell, District Judge:

Plaintiff *pro se* Elroy Deans ("Deans") commenced this action on December 23, 2010,

against Bank of America, Deutsche Bank National Trust Company ("Deutsche Bank"), and the

John and Jane Doe defendants, alleging fraud, civil conspiracy to commit mail fraud and wire

fraud, fraudulent and negligent misrepresentation, and violations of the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Real Estate and Settlement Procedures

Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, and the Truth In Lending Act ("TILA"), 15 U.S.C.

§ 1601 *et seq.*[1]  Now before the Court is defendants' motion to dismiss.  Because Deans's claims

are time-barred, the motion to dismiss is GRANTED and Deans's complaint is dismissed with

prejudice.

---

[1] There appears to be some confusion as to which of Deans's complaints is operative in this action.  Defendants
argue for dismissal of the amended complaint, and the docket sheet reflects an amended complaint having been filed
on March 21, 2011.  (*See* ECF No. 24.)  But Deans appears to believe that his March 21, 2011 complaint is
inoperative, (*see, e.g.*, Pl.'s Opp'n ¶¶ 21, 26), and Magistrate Judge Andrew J. Peck struck Deans's March 21, 2011
amended complaint by memo endorsement on April 4, 2011, (*see* ECF No. 15).  Defendants' arguments for
dismissal apply with equal force, however, to both complaints, and therefore it makes no difference which complaint
is operative here.

## BACKGROUND

The following facts, taken from the complaint and other judicially noticeable documents, are taken as true for the purposes of this motion.[2]

On December 6, 2002, plaintiff Deans, along with Penrose Deans, entered into an "Installment Contract for Sale of Real Estate" (the "Installment Contract") with the Secretary of Veterans Affairs regarding a property at 2004 Crotona Avenue, Bronx, New York 10466 (the "Crotona Property").  (Kaiser Decl. Ex. 2 ("Installment Contract").)  Deans agreed to pay $305,110 to the Secretary, payable in 360 monthly installments of $1,828.63 as well as $110 in cash.  (*Id.* ¶ 4.)  In the case of a default that continued for thirty days, the Secretary had the right to accelerate the installment payments and to enforce Deans's obligations under the Installment Contract in a legal or equitable proceeding or to terminate Deans's rights under the Installment Contract by declaration, legal proceeding, or equitable proceeding.  (*Id.* ¶ 15.)  The Installment Contract further provided that "in consideration of [Deans] occupying said premises before the delivery of a deed conveying the title thereto, . . . such possession shall be that of a tenant from month to month and that a relationship of landlord and tenant shall have been created and established."  (*Id.* ¶ 22.)

The sum total of Deans's factual allegations are that "on or about 12/22/2002 the defendant commited [sic] mortgage fraud to the plaintiff by not recording the mortgage, mortgage of deed of trust or the loan."  (Am. Compl. § III.C; *see also* Compl. § III.C ("[O]n or about 12/22/2002 the defendant commited [sic] mortgage fraud by not recording the mortgage,

---

[2] These documents include an Installment Contract for Sale of Real Estate, which is integral to the complaint because Deans's allegations concern a mortgage and foreclosure, and public records, such as Deans's litigation history in state court and the recorded deed to the property in question.  *See Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998) ("It is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6) . . . ."); *Int'l Audiotext Network, Inc. v. Am. Tel. and Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) ("Although the amended complaint in this case does not incorporate the Agreement, it relies heavily upon its terms and effect; therefore, the Agreement is 'integral' to the complaint, and we consider its terms in deciding whether IAN can prove any set of facts that would entitle it to relief.").

note [sic] adding me to the title of the property.").)  Deans alleges that the defendants have started a "wrongful foreclosure," that he has "bad credit" as a result, and "cannot get a loan for anything."  (Am. Compl. § III.C; *see also* Compl. § III.C.)

On October 30, 2003, Deutsche Bank purchased the deed to the Crotona Property from Department of Veterans Affairs.  (*See* Kaiser Decl. Ex. 3.)  Tax bills for the property were to be sent to Countrywide Home Loans, now known as BAC Home Loan Servicing, LP, and sued herein as Bank of America.  (*Id.* at 6.)

On June 24, 2005, Deutsche Bank sued Deans in New York state court to terminate all of his rights under the Installment Contract, alleging that Deans had defaulted on his obligations under the Installment Contract.  (Kaiser Decl. Ex. 4.)  Deutsche Bank moved for summary judgment, which was initially denied on October 18, 2006, by Justice Kenneth L. Thompson. (*Id.* Ex. 5.)  Deutsche Bank then moved to vacate the October 18, 2006 order, a motion which was granted on July 9, 2008.  (*Id.* Ex. 6.)  Justice Thompson also granted Deutsche Bank's motion for summary judgment, noting that he had held the motion "in abeyance pending a hearing on August 2, 2007 to address whether defendants [including Deans] made the required payments under the subject contract," but that the hearing was "adjourned seven times," the motion was then "marked submitted as defendants were not prepared to proceed with the hearing," and that he was granting Deutsche Bank's motion for summary judgment based on the motion papers before him.  (*Id.*)  Deans moved for reargument before Justice Thompson, a motion which was denied.  (*Id.* Ex. 7.)

Deans filed suit in this Court on December 23, 2010.  On March 10, 2011, Deans moved for default judgment, which was denied by Magistrate Judge Andrew J. Peck on March 14, 2011. (ECF No. 9.)  Deans moved for reconsideration, which Judge Peck also denied.  (ECF No. 14.)

Deans then objected to Judge Peck's decision before the undersigned, but his objections were denied on April 14, 2011.  (ECF No. 22.)  Defendants moved to dismiss on April 4, 2011.

## DISCUSSION

### I.  Legal Standard for a Rule 12(b)(6) Motion To Dismiss

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Starr v. Sony BMG Music Entertainment*, 592 F.3d 314, 321 (2d Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  If the factual averments permit no reasonable inference stronger than the "mere possibility of misconduct," the complaint should be dismissed. *Starr*, 592 F.3d at 321 (quoting *Iqbal*, 129 S. Ct. at 1950).  Thus, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).  In applying this standard of facial plausibility, the Court accepts all factual allegations as true, but it does not credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action."  *Id*.

"[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Accordingly, "the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (internal quotation marks and emphasis omitted).

**II. Deans's Claims Are Time-Barred**

Deans's only factual allegation concerns a December 22, 2002 event.  Defendants argue that all of his claims are therefore time-barred.  The Court agrees.

Under New York law, for fraud and fraudulent misrepresentation actions, "the time within which the action must be commenced shall be the greater of six years from the date the cause of action accrued or two years from the time the plaintiff or the person under whom the plaintiff claims discovered the fraud, or could with reasonable diligence have discovered it." N.Y. C.P.L.R. § 213(8).  Six years from December 22, 2002, was December 22, 2008, which is over two years before Deans commenced this action.  Deans appears to argue that his fraud and fraudulent misrepresentation causes of action are not time-barred under the second prong of the statute of limitations, apparently because he believed that the Installment Contract had been superseded by a subsequent mortgage.  (*See* Pl.'s Opp'n ¶¶ 7-12, 30.)  Even if that were a reason that Deans could not have discovered the fraud on December 22, 2002, it does not explain why he could not have discovered it with reasonable diligence on June 24, 2005, as the Installment Contract and the documents transferring the deed from the Department of Veterans Affairs to Deutsche Bank were attached to Deutsche Bank's complaint in the state court action.  Two years after that point is June 24, 2007, which is still well before Deans's action was filed.

The remainder of Deans's causes of actions require less discussion.  A TILA damages action must be brought "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  Here, that would be December 22, 2003.

For RESPA, "[t]here are only three private causes of action that can be raised under RESPA.  These actions arise under [12 U.S.C.] sections 2605, 2607 and 2608.  For violations of sections 2607 and 2608, there is a one year statute of limitations . . . ."  *Johnson v. Scala*, No. 05

Civ. 5529 (LTS)(KNF), 2007 WL 2852758, at *5 (S.D.N.Y. Oct. 1, 2007).  A three-year statute

of limitations governs the third cause of action.  *Id.*  The latest a RESPA action could have been

brought, therefore, was December 22, 2005.

Actions under the FDCPA must be brought "within one year from the date on which the

violation occurs."  15 U.S.C. § 1692k(d).  Again, that would be December 22, 2003.

To the extent Deans's civil conspiracy claim sounds in state-law fraud, "[t]he statute of

limitations for civil conspiracy is the same as that for the underlying tort," *Brady v. Lynes*, No.

05 Civ. 6540 (DAB), 2008 WL 2276518, at *9 (S.D.N.Y. June 2, 2008), and that claim is time-

barred for the same reason that his fraud and fraudulent misrepresentation claims are time-

barred.  To the extent it is based in civil RICO, "[c]ivil RICO claims are subject to a four-year

statute of limitations," which runs from "when the plaintiff has 'inquiry notice' of his injury,

namely when he discovers or reasonably should have discovered the RICO injury."  *Koch v.*

*Christie's Int'l PLC*, --- F. Supp. 2d ----, 2011 WL 1142905, at *5 (S.D.N.Y. 2011).  Here,

Deans had inquiry notice since at least 2005, when Deutsche Bank commenced its action against

him and included the Installment Contract and the documents transferring the deed to it in its

state-court complaint.  The latest he could have brought a civil RICO action under that measure

would have been June 24, 2009.

Under New York law, actions based in negligence have a three-year statute of limitations.

*See Ross v. Louise Wise Servs., Inc.*, 868 N.E.2d 189, 197 (N.Y. 2007).  Deans's negligence-

based causes of actions therefore are tardy by over five years.

"*Pro se* plaintiffs might not have the legal ken of attorneys.  But . . . the length of a

limitation period for instituting suit in federal court inevitably reflects a value judgment

concerning the point at which the interests in favor of protecting valid claims are outweighed by

the interests in prohibiting the prosecution of stale ones." *Springs v. Bd. of Educ.*, No. 10 Civ.

1243, 2010 WL 4068712, at \*2 (S.D.N.Y. Oct. 14, 2010) (citing *Carey v. Int'l Bhd. of Elec.*

*Workers Local 363 Pension Plan*, 201 F.3d 44, 47 (2d Cir. 1999)).  "Indeed, statutes of limitation

are not to be disregarded by courts out of a vague sympathy for particular litigants." *Id.*  Deans's

claims fail to fall within any of the applicable statutes of limitations.  His claims must therefore

be dismissed.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss **[17]** is GRANTED. Deans's

claims are dismissed with prejudice. The Clerk of the Court is requested to close this case.

SO ORDERED.

Dated: New York, New York
           October 24, 2011

 

_____
Richard J. Holwell
United States District Judge